UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HUMPHREY J. DICKINSON, ) | CASE NO. 4:07 CV3645 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| INTERNAL REVENUE COMMISSION ) | |
| DEPUTY LINDA STIFF, et al., ) | |
| ) | |
| Defendants. ) | |

Mr. Dickinson filed a complaint in the Cuyahoga County Court of Common Pleas against Deputy Linda Stiff of the Internal Revenue Commission, "c/o L.R. Oliver," and Ford Motor Company,"c/o Chris Lambanski, Gen. Counsel," alleging, inter alia, "subject matter according to the Bible, Acts 5:37, 38; as authorized by the Ohio Constitution, Article 1-Bill of Rights, sec. 16 of 1851." Dickinson v. Internal Revenue Comm., No. CV-07-639329 (Cuy. Cty. Ct. Comm. Pls. filed Oct. 22, 2007.)[1] A certified copy of a complaint was mail by the Clerk of Courts for the Cuyahoga

---

[1] As a matter of public record, the court determined the exact filing date of Mr. Dickinson's complaint through the county court's website. See Gerald C. Fuerst, Court of Common Pleas - Cuyahoga County, Ohio, Information Search Menu (Jan. 9, 2007) <http://cpdocket.cp.cuyahogacounty.us/p_CV_CaseSummary.aspx>.

County Court of Common Pleas to the Internal Revenue Commission Deputy Linda Stiff, "c/o L.R. Oliver" on October 26, 2007. It appears from an envelope addressed to the IRC that it was received by the Internal Revenue Service on October 29, 2007.

On November 26, 2007, a Notice of Removal was filed by the United States of America, as the proper party defendant on behalf of the I.R.S., to remove the case to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1442(a)(1). The United States simultaneously filed a motion for summary dismissal of the complaint. No opposition to either the removal or the motion to dismiss was filed by Mr. Dickinson within thirty days of the Notice.

## Background

Mr. Dickinson started his employment at Ford on June 6, 1968 working in Cleveland Engine Plants 1 and 2. He claims that in 2003 the company unlawfully began withholding "wages and salary, performance bonuses, and even retirement benefits" at the direction of the I.R.S.

On August 31, 2007, the I.R.S. mailed Mr. Dickinson a notice that, within seventy-six (76) days, it intended to place a levy on all accounts he owned, pursuant to 26 U.S.C. 6321, 6322 and 6323. He asserts that the I.R.S. and Ford then acted as co-conspirators to "defraud" him of his paychecks, performance bonuses, retirement and life savings under the "false pretext that the Plaintiff owed Federal income tax pursuant to Alcohol, Tobacco and Firearms regulations as a person registered with that agency to conduct business." (Compl. at 4.) No other relevant facts are alleged in the complaint. Mr. Dickinson seeks a judgment from this court finding that the defendants engaged in "Fraud and Theft under color of law."

## Analysis

2

Under Count One of the complaint, Mr. Dickinson maintains that 5 U.S.C. §552 requires agencies to publish their rules. He argues that when rules are not published in the Federal Register, an agency cannot take any adverse action against that party under such rules. In Mr. Dickinson's opinion "26 U.S.C. § 6322 and 6323" meet the criteria to be published in the Federal Register, but are not. From this he concludes that the "initiation of the collection of the taxes by the Defendant from the plaintiff is in violation of sec. 5747 of Ohio Revised Code." (Compl. at 3.)

With regard to his allegations against Ford, Mr. Dickinson argues that the defendant "failed to advise him that taxes are voluntary pursuant to 26 CFR 31.3402(p)(1)." (Compl. at 4.) Moreover, when Ford started "seizing and distributing the plaintiff's paycheck" it allegedly acted without the "necessary prerequisite Order of Judgment issued by a court of competent jurisdiction, in violation of section 1703.27, and sec. 2913.44 of the Ohio Revised Code." (Compl. at 4.) For the reasons stated below, this action is dismissed.

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Removal*

When a civil lawsuit is filed against a federal agency or any federal officer in their official capacity "on account of any right, title or authority claimed under tany Act of Congress for the . . . collection of revenue," the action may be removed to the federal district court for the district and division in which the state court resides. 28 U.S.C. § 1442(a)(1). Should any party oppose this removal, it may move "to remand the case on the basis of any defect other than lack of subject-matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c). Here, no motion to remand, timely or otherwise, was filed. Therefore, any claimed defect in removal has been waived and the sole determination before this court is whether it has subject matter jurisdiction over the issues set forth in Mr. Dickinson's complaint.

*Subject Matter Jurisdiction*

The adjudication of interests in property that federal officers seize is within the sole purview of the federal courts. By law, any "property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." 28 U.S.C. § 2463. While section 2463 does not confer jurisdiction on the federal district courts, see Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990), section 7433 of the Tax Code does provide for the recovery of damages resulting from unauthorized collection activities when "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433. Moreover, citing the mandate set forth in the statute, the Sixth Circuit has held that §7433 is the exclusive remedy for the recovery of damages against the United States in a civil tax

4

revenue action. See Sachs v. United States, No. 01-2224, 2003 WL 458745 (6th Cir. Feb. 21, 2003); see also, 26 U.S.C. § 7433(a)("exclusive remedy for recovering damages from such actions.")

It is abundantly clear that Mr. Dickinson's challenge to the collection of federal taxes is a matter exclusively within the subject matter jurisdiction of this court. Furthermore, because a judgment against the defendant "would expend itself on the public treasury or domain . . . the effect of the judgment would be 'to restrain the Government from action.'" Dugan v. Rank, 372 U.S. 609, 620 (1963)(citation omitted). Not only does this place the United States in position as the real party in interest in this action, but a suit against I.R.S. employees in their official capacity is essentially a suit against the United States. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 687(1949). Therefore, the United States properly removed this action pursuant to 28 U.S.C. § 1442(a) and the court has subject matter jurisdiction.

*Failure to State a Claim*

If Mr. Dickinson were asserting a successful claim under § 7433, he would need to argue that Title 26, or a regulation promulgated thereunder, has been violated. Here, the alleged violation is a violation of the Ohio Revised Code. This is clearly not a violation of Title 26, nor is it a violation of any corresponding sections of the Code of Federal Regulations. As such, Mr. Dickinson's claim falls outside the scope of § 7433's protection.

With regard to his claim that the defendant was not permitted to take any "adverse action" against him without notice under the ORC, the court notes that section 6331(a) of the Revenue Code provides in relevant part:

> (a) Authority of Secretary or delegate. -- If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be

> lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official.

26 U.S.C. § 6331(a). The Supreme Court has observed that this language "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." Drye v. United States, 528 U.S. 49, 56 (1999)(quoting United States v. National Bank of Commerce, 472 U.S. 713, 719-720 (1985)). Further, it is quite clear, generally, that accrued salaries are property and rights to property subject to levy. Sims v. United States, 359 U.S. 108, 110-11 (1959). The only property exempt from levy is that listed in § 6334(a) of the Code, consisting of certain personal articles and provisions. 26 U.S.C. § 6334(a). It does not exempt salaries or wages. Id. Mr. Dickinson has not identified any item or items that fall under the protection of § 6334. Without an allegation that the defendants seized property which was expressly exempt under the statute, Mr. Dickinson's claim lacks a valid basis in law.

## Due Process Claim

Contrary to Mr. Dickinson's claim that he did not receive proper notice, no where in the Revenue Code does it require a Notice of Seizure or a Warrant of Distraint to accompany a Notice of Levy. "[L]evy may be made by serving a notice of levy on any person in possession of or obligated with respect to, property or rights to property subject to levy, including receivables, bank

accounts, evidences of debt, securities, and <u>salaries, wages, commissions, or other compensation</u>." 26 C.F.R. § 301.6331-1(a)(1)(emphasis added). No judicial intervention is necessary. <u>United States v. National Bank of Commerce</u>, 472 U.S. 713, 722 (1985). The constitutionality of this procedure is well settled. <u>Id</u>. at 723.

## Garnishment of Wages

Notwithstanding Mr. Dickinson's concerns regarding Ford's garnishment of his wages, federal law mandates an employer's compliance with an I.R.S. Notice of Levy. The tax code prescribes, in part:

> Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

26 U.S.C. § 6332(a). Any person who complies with the notice of levy is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender of payment." 26 U.S.C. § 6332(d). Therefore, having complied with the statutory procedure for collection of taxes, Ford is not obligated to pay to Mr. Dickinson money it has already paid to the I.R.S. on the taxpayer's account. Ford is not a governmental body, moreover, and is not bound by the Due Process Clause of the Fifth Amendment. Under these circumstances, Mr. Dickinson has no valid monetary claim against Ford.

## Anti-Injunction Act

Not only has Mr. Dickinson failed to argue any cause of action against the I.R.S. or

7

Ford, he is foreclosed from seeking injunctive relief. The Anti-Injunction Act deprives this court of jurisdiction to entertain any suit the purpose of which is to restrain the assessment or collection of any tax. 26 U.S.C. § 7421(a). None of the statutory exceptions applies to suits brought by a taxpayer to enjoin his employer from compliance with an IRS notice of levy. <u>See id</u>.

Accordingly, this action is dismissed for failing to state a claim for relief. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signed] Donald C. Nugent 1/10/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE